**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**WILKE WINDOW & DOOR COMPANY, INC.**

> **Plaintiff,**

**v.**

**PEABODY COAL COMPANY,**

> **Defendant.**                                                      **05-cv-371-DRH**

**MEMORANDUM & ORDER**

**HERNDON, District Judge:**

**I.  INTRODUCTION & BACKGROUND**

Now before the Court is a Motion to Intervene, filed by Illinois Mine Subsidence Insurance Fund (the "Fund"), pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 24**. (Doc. 14.)  Along with the motion, the Fund has filed a supporting memorandum of law (Doc. 15) and proposed intervening complaint.  Plaintiff does not oppose this intervention and has, in fact, filed a memorandum in support of the motion to intervene.  (Doc. 18.)  Defendant has not filed any responsive pleading.

Plaintiff is an Illinois corporation doing business in St. Clair County, Illinois, at a location known as 3506 Lebanon Avenue, Belleville, Illinois, 62221. (Doc. 2, ¶ 1.) At this location, Plaintiff had constructed a large multi-story warehouse (the "Property").  (Doc. 18, p. 1.)  Plaintiff originally brought this suit in state court for property damages due to an active mine subsidence, occurring in November

1

2000, allegedly caused by Defendant.[1]  (Doc. 2, ¶¶ 3-7.)  Defendant is a Deleware corporation with its principal place of business in Missouri, and has mined coal in St. Clair County, Illinois.  (Doc. 1, ¶ 5(c), Doc. 4, ¶ 2.)  The case was removed by Defendant as federal diversity jurisdiction was claimed to exist, pursuant to **28 U.S.C. § 1332**.  (Doc. 1.)  Plaintiff made no attempt to seek a remand to state court.

The Fund provides reinsurance for participating insurers writing mine subsidence insurance in the State of Illinois, pursuant to **215 ILL. COMP. STAT. 5/803.1**.  (Doc. 14, ¶ 1, Doc. 18, p. 1.)  After the subsidence damage caused to the Property, but prior to filing suit against Defendant, Plaintiff made a claim on its insurance policy, which was underwritten by Federated Mutual Insurance Company ("Federated").  (Doc. 14, ¶ 2, Doc. 18, p. 1.)  Federated paid out the limit of Plaintiff's policy, which was in the amount of $350,000.00.  (*Id.*)  Because Federated participates in the Illinois Mine Subsidence Insurance Fund program, it sought reimbursement in the amount of $350,000.00 for the pay-out to Plaintiff.  (Doc. 14, ¶ 3, Doc. 18, p. 1.)  Pursuant to their reinsurance agreement, the Fund reimbursed Federated in the requested amount.  (Doc. 14, ¶ 3.)

Pursuant to **215 ILL. COMP. STAT. 5/815.1**,[2] the Fund now claims that

---

[1]  Originally, Plaintiff's Complaint consisted of eights counts brought against defendants Peabody Coal Company, Peabody Holding Company, Inc., Peabody Energy Corp., and Peabody Development Corp.  (*See* Doc. 2.)  However, subsequent to removal to federal court, Plaintiff filed a Motion for Voluntary Dismissal, informing the Court that it had dismissed all of its claims against all defendants except Peabody Coal Company, which remain pending.  (Doc. 6.)  Accordingly, the Court acknowledged Plaintiff's voluntary dismissal.  (Doc. 7.)

[2]  This statute allows the Fund, on its own behalf, to exercise the right of subrogation.

it has a subrogation interest in the amount of $350,000.00 and should therefore be allowed to intervene in this suit in order to protect its interest, which is separate and distinct from Plaintiff's interests. (Doc. 15, pp. 3-4.) For the reasons outlined below, the Fund's motion to intervene is **GRANTED**.

## II. ANALYSIS

**A.   LEGAL STANDARD**

### 1.   Intervention as of Right Under Rule 24(a)

Under **FEDERAL RULE OF CIVIL PROCEDURE 24**, a party can seek to intervene in a suit either as a matter of right, under Rule 24(a), or with the Court's permission, under Rule 24(b). A party may seek to intervene as a matter of right "(1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impeded the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." **FED. RULE CIV. P. 24(a)**. Therefore, the Seventh Circuit requires an applicant making a Rule 24(a) motion to intervene to show the following: "(1) the application is timely; (2) the applicant has an 'interest' in the property or transaction which is the subject of the action; (3) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest; and (4) no existing party adequately represents the applicant's interest." ***Security Ins. Co. of***

***Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995) (citations omitted).**

### 2. Permissive Intervention Under Rule 24(b)

An applicant may be permitted to intervene in a suit "(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." **FED. RULE CIV. P. 24(b)**.  Further, under Rule 24(b), the Court has a duty to "consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." **FED. RULE CIV. P. 24(b)**.  As such, the Seventh Circuit has imposed two requirements for an applicant filing a Rule 24(b) motion to intervene to demonstrate that there is "(1) a common question of law or fact, and (2) independent jurisdiction." ***Security Ins. Co. of Hartford*, 69 F.3d at 1381 (citation omitted)**.  Except for these two requirements, permissive intervention is "entirely discretionary." ***Id.***

### 3. Right of Subrogation

In ***U.S. v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 381-82 (1949)**, the United States Supreme Court determined that in cases of partial subrogation, the rights of the insured and insurer were distinct and therefore should be allowed to participate in the litigation as separately-named parties. ***Aetna*** further noted that while both the interest of the insured and insurer were important to the suit and were therefore "necessary" parties under Rule 19(b), neither were

4

"indispensable" parties under the test of **Shields v. Barrow, 58 U.S. 130 (1854).**

**Id. at 382, n.19; see also Krueger v. Cartwright, 996 F.2d 928, 933-34 (7h Cir.**

**1993)**.  Because an insurer who pays only a part of the loss of its insured is thereby

partially subrogated to the insured's rights, it follows that if an insured brings a suit

against the tortfeasor, the insurer "may intervene to protects its pro rata share of the

potential recovery."  **Krueger, 996 F.2d at 932 (citing 6A CHARLES A. WRIGHT,**

**ARTHUR R. MILLER & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 1546 (2d**

**ed. 1990))**.

## B.    THE FUND'S MOTION TO INTERVENE AS A MATTER OF RIGHT PURSUANT TO RULE 24(a)

In order to determine whether the Fund can properly intervene in the

instant suit as a matter of right, the Court must look to the Seventh Circuit

requirements as stated previously in **Security Ins. Co. of Hartford v. Schipporeit,**

**Inc., 69 F.3d 1377, 1380 (7th Cir. 1995)**.  The first requirement is that such

motion to intervene be timely.  This requirement has no set definition, but is case-

determinative.  Consenting to the intervention, Plaintiff asserts that it will not work

a prejudice to either party, as the suit is only in the stages of pre-trial discovery

(written discovery has been exchanged, but no depositions have been scheduled or

taken). (Doc. 18, p. 1.)  In fact, Plaintiff has even filed a motion to amend scheduling

order to accommodate for the Fund's intervention.  (Doc. 17.)  Defendant has not

argued otherwise.  As such, the Court sees no reason why the Fund's motion should

not be considered timely.

5

The Fund claims that under the holding in **Aetna** and also pursuant to **215 ILL. COMP. STAT. 5/815.1**, it has a cognizable "interest."  More specifically, the Fund has a partial subrogation interest, because although it paid out the limit of Plaintiff's insurance policy ($350,000.00) in order to reimburse Federated, Plaintiff seeks to recover damages from Defendant in excess of $350,000.00.  (*See* Doc. 14, ¶ 2, Doc. 18, p. 1.)  Although the Rule 24(a) requirement of "interest" has never been particularly defined, the Court must determine that it is a "'direct significant, legally protectable'" interest, which is a fact-specific determination.  **Security Ins. Co. of Hartford, 69 F.3d at 1380-81 (citations omitted)**.  In this instance, the Court agrees that the Fund has such an interest.  It is given a right to subrogation under Illinois statute, and the United States Supreme Court has clearly held that a subrogation interest should be represented separate and apart from the insured's interest.  **See 215 ILL. COMP. STAT. 5/815.1;** *see also Aetna Casualty & Surety Co.,* **338 U.S. at 381-82**.

While it is clear that Plaintiff consents to the Fund's intervention, it has no legal obligation to represent the Fund's subrogation interest in this suit, as their interests are not identical.  If the Fund is not allowed to intervene in this suit, the ability to protect its interest may be impeded or impaired, when obviously there remains no existing party to adequately represent its interests.  The Court finds that the Fund has shown it meets the requirements set forth by the Seventh Circuit and mandated by the statutory requirement of Rule 24(a) to intervene as a matter of

right.

## C.   THE FUND'S MOTION FOR PERMISSIVE INTERVENTION PURSUANT TO RULE 24(b)

In the alternative to granting its Motion to Intervene pursuant to Rule 24(a), the Fund requests the Court to grant it permissive intervention pursuant to Rule 24(b). In support of its alternate request, the Fund states that it meets the Rule 24(b) requirements in that its motion is timely, its subrogation claim involves questions of law or fact common to Plaintiff's claims, and that independent jurisdiction exists between it and Defendant.

Specifically, the Fund's subrogation claim, as set forth in its proposed Intervening Complaint against Defendant, involves similar questions of fact such as whether Plaintiff's Property was damaged by a mine subsidence caused by Defendant and the extent of that damage, and also questions of law such as whether Defendant had a duty to support the surface of the mine to prevent subsidence. The Fund also claims diversity jurisdiction pursuant to **28 U.S.C. § 1332** exists between it and Defendant, as the Fund is an Illinois entity and Defendant is a Delaware entity with a principal place of business in Missouri, and the amount in controversy exceeds $75,000.00. (Doc. 14, ¶ 10.)

The Court finds that the Fund has meet the requirements set forth to request permissive joinder pursuant to Rule 24(b). It is thereafter within the Court's discretion to permit the Fund to intervene. However, because the Court has previously found that the Fund demonstrated it may intervene as a matter of right

7

pursuant to Rule 24(a), a grant of permissive intervention at this time is moot.

### III.  <u>CONCLUSION</u>

For the reasons above, the Fund's Motion to Intervene pursuant to Rule 24(a) is hereby **GRANTED**.  As such, it may file its proposed Intervening Complaint and enter its appearance as Intervening Plaintiff.

**IT IS SO ORDERED.**

**This 7th day of November, 2005.**

<u>/s/            David RHerndon</u>
**United States District Judge**

8